# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

TODD A. WHITMER,

    Plaintiff,

v.                               CAUSE NO.: 3:19-CV-772-RLM-MGG

JEREMY SNOW,

    Defendant.

## OPINION AND ORDER

Todd A. Whitmer, a prisoner without a lawyer, filed a complaint and a motion for leave to proceed in forma pauperis. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Whitmer's amended complaint alleges that, on October 31, 2018, Officer Snow from the Elkhart Police Department saw him swallow methamphetamine and choked him in an effort to stop him from doing so. Police officers took Mr. Whitmer to the hospital to examine him for injuries, and a

physician examined his neck and left the room. Mr. Whitmer began to feel ill and told Officer Snow what he had swallowed, but Officer Snow refused to let Mr. Whitmer to convey this information to medical staff or to do so himself. Mr. Whitmer lost consciousness when he got to the jail and woke up in an intensive care unit nearly a week later on life support and dialysis due to multi-organ failure.

Mr. Whitmer asserts a claim against Officer Snow for denying him access to medical treatment immediately after his arrest. "[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006). "Four factors inform [the court's] determination of whether an officer's response to [an arrestee's] medical needs was objectively unreasonable: (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." Ortiz v. City of Chicago, 656 F.3d 523, 530 (7th Cir. 2011). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Whitmer states a plausible Fourth Amendment claim against Officer Snow for denying him access to medical treatment immediately after the arrest.

Mr. Whitmer also filed a motion for leave to proceed in forma pauperis. This motion is denied as unnecessary because he's already been granted leave to proceed in forma pauperis.

For these reasons, the court:

(1) DENIES as UNNECESSARY the motion for leave to proceed in forma pauperis (ECF 19);

(2) GRANTS Todd A. Whitmer leave to proceed on a Fourth Amendment claim against Officer Snow for denying him access to medical care following his arrest on October 31, 2018

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Snow at the Elkhart Police Department with a copy of this order and the amended complaint (ECF 17) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Snow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Todd A. Whitmer has been granted leave to proceed in this screening order.

SO ORDERED on March 30, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT